John D. Bennett, S.
This is an accounting proceeding in which the report of the special guardian raises some objections on which the executrix has agreed to accept a surcharge, and presents to this court the question of whether a certain transaction made by the executrix should be ratified or disapproved.
The will of the decedent gives certain specified property to a daughter, Rita Lipsett Albin, makes provision for certain Totten Trusts for grandchildren, and provides that the rest, residue and remainder of her property be set up in trust for the said daughter for life, giving her a power of appointment by will, and on failure to exercise such power, to surviving grandchildren and surviving descendants of each deceased grandchild per stirpes. The said daughter, Rita Lipsett Albin, was appointed sole executrix, and the Manufacturers Trust Company sole trustee, of the residuary trust. After the other provisions of the will and estate expenses had been taken care of, there remained on hand $30,583.18 in cash.
During her lifetime, the decedent had received a condemnation award of $83,000 on property at 112th Street and Park Avenue, New York City. If this money were not invested in similar property, the estate would have been liable for a capital gains tax of $21,500. That would have left a balance on hand *119 in cash of about $9,000. Under the trust provisions, the life beneficiary received a minimum of $3,000 quarterly, so that of the said $9,000, $3,000 was already due the life beneficiary and another $3,000 was becoming due January 31, 1959. By May 1, 1959, the trust would have been completely exhausted. Facing this situation, on January 23, 1959, the executrix life tenant purchased a shopping center at 3375-95 Great Neck Road, Amityville, New York, for $151,696, subject to a first mortgage assumed by the estate of $74,099.40. The cash payment in this transaction was the $30,583.18 of estate funds and $46,443.64 of personal funds of the executrix life tenant.
On March 31,1961, the executrix deeded the Amityville property to herself personally, and assumed the liability of the $75,000 mortgage. She is, therefore, the individual owner of real estate, the purchase of which was made with $30,583.18 of the trust fund, which amount must be increased by the addition of the surcharges of some $4,000 agreed to in this accounting. The Amityville property therefore represents approximately 22%% trust funds and 77%% individual funds.
Since trust funds have found their way into the Amityville property, this court cannot see its way clear to permit the executrix to hold that property individually free from any claim of the trust. However, the court appreciates the fact that it was only through the action taken by the executrix that the payment of the capital gains tax was avoided, and the amount herein referred to as trust funds was saved to the estate rather than being paid out in the form of capital taxes.
Consequently the Amityville property being partially individually owned and partially trust property, the court is aware of the practical difficulties which would arise from any attempt to set up a separate independent trust of a partial undivided interest in such property with divided management and control. If the executrix herein were made trustee of the residuary trust under the will, she would have in effect a life estate in a portion of the property and an individual ownership in the balance, so that there would be unified management and control. If any cash balance now on hand belonging to the trust fund were paid to her individually no further trust need be set up, as she could be made trustee of the Amityville property for that portion representing all the trust funds invested therein. Under such an arrangement, this court is of the opinion that she could continue to handle the property in the same manner as she is now doing. The interest of the remaindermen in the trust could be protected by a bond or other security, or in some other manner which would furnish assurance that the remainder interest in *120 the trust would be preserved. Such a setting up of a trust would substantially comply with the mandate of the will.
The court will reserve decision for a period of three weeks from the date of this memorandum on the question of whether the transfer of the Amityville property should be ratified or disapproved, to give counsel for the estate and the special guardian an opportunity to explore the possibility of setting up some such trust of a partial interest in such property, and if they arrive at any tentative arrangement, to file supplemental papers in this proceeding, bringing their suggestions to the attention of the court. No order need be submitted on this memorandum.